IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AHMED MOHAMED HAZEM ABD EL GHANEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-0498-CV-W-ODS |
| GERALD HEINAUER, Director, Nebraska Service Center, Citizenship and Immigration Services, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Plaintiff Ahmed Mohamed Hazem Abd El Ghaney's Motion for Summary Judgment (Doc. # 14) filed pursuant to Federal Rule of Procedure 56 ("Rule 56"). Plaintiff asks the Court to either set a hearing to review his naturalization application de novo or to remand the case to the United States Citizenship and Immigration Services ("USCIS") with appropriate instructions as provided by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b).

For the following reasons, Plaintiff's motion is GRANTED and this matter is REMANDED to the USCIS with instructions to make a decision on Plaintiff's application within thirty (30) days of receiving a completed background check from the FBI and that the FBI complete the name check process within sixty (60) days.

## I. BACKGROUND

Defendants in the above-captioned matter are Gerard Heinauer, Director of the Nebraska Service Center; Michael Jaromin, District Director United States Citizenship and Immigration Services; Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services; Michael Chertoff, Secretary of the United States Department of

Homeland Security; Michael Mukasey, Attorney General of the United States; and Robert S. Mueller, III, Director, Federal Bureau of Investigations ("FBI").

Plaintiff, a citizen of Egypt, has been a lawful permanent resident of the United States since October 11, 2000. This case arises from Defendants' purported failure to make a determination on Plaintiff's application for naturalization after he filed a Form N-400 Application for Naturalization on July 20, 2005. The USCIS conducted Plaintiff's interview on January 9, 2006. Plaintiff passed the tests required for naturalization, but is awaiting the conclusion of the required security name checks.

Plaintiff asserts that immediacy of a decision on his naturalization application is necessary because his wife is in the process of being deported. Plaintiff filed a visa sponsorship petition for his alien wife, Samah M. El Boreei on December 19, 2005. See Exh. 1, Doc. # 15. As a spouse of a lawful permanent resident, the visa eligibility or quota wait is in excess of five years. Conversely, as the spouse of a United States citizen, there would be no visa eligibility or quota wait. Id. Plaintiff states that Immigration and Custom Enforcement ("ICE"), an entity within Defendant Department of Homeland Security, instituted deportation proceedings against Plaintiff's wife on December 29, 2005. Id. A hearing is presently scheduled for November 18, 2008 for the setting of her departure date. Id. Her deportation from this country would result in her separation from Plaintiff and their two United States citizen infant children for a period of ten years. Id. If she took her children with her outside the country, she would be subject to the ineligibility of returning for ten years as well as the processing time for an immigration visa through the United States Consul. Id.

Applicants seeking naturalization are subject to criminal and national security background checks to ensure they are eligible for naturalization and do not pose a risk to national security or public safety. See Pub. L. No. 105-119, Nov. 26, 1997, 111. Stat. 2448, set forth in the historical and statutory notes to 8 U.S.C. § 1446. The required checks include a National Name Check Program administered by the FBI. Id. The FBI is currently working through a backlog of name checks that has resulted in significant delays in processing some requests. The USCIS has advised Plaintiff that it is unable to adjudicate his application for naturalization until the name check is completed. As a

result of the delay, Plaintiff filed the present action on July 13, 2007 for a hearing on his application or for a remand to the USCIS with appropriate instructions to adjudicate the application.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. DISCUSSION

*A. Subject Matter Jurisdiction*

Before reaching the merits of Plaintiff's claim, the Court must first determine whether it has subject matter jurisdiction. Plaintiff asserts jurisdiction exists pursuant to 8 U.S.C. § 1447(b). Section 1447(b) states:

> If there is a failure to make a determination under section 1446 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the

3

district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Plaintiff argues that the "examination" in question is the applicant interview that was completed on January 9, 2006. Because well over 120 days have passed since that interview, Plaintiff asserts this Court has jurisdiction. The position urged by Plaintiff has been adopted by a clear majority of the courts considering this issue. See, e.g., Patel v. Gonzales, No. 07-83, 2007 WL 2811470 (W.D. Mo. Sept. 27, 2007); Adron v. Gonzales, 487 F.Supp.2d 1089 (W.D. Mo. May 21, 2007); Ibrahim v. Gonzales, No. 07-3099, 2007 WL 3072170 (W.D. Mo. Oct. 18, 2007); Salah v. Gonzales, No. 07-0144, 2007 WL 3094228 (W.D. Mo. Oct. 19, 2007); Manzoor v. Chertoff, 472 F. Supp. 2d 801, 807 (E.D. Va. 2007); Khelifa v. Chertoff, 433 F. Supp. 2d 836, 840-41 (E.D. Mich.2006); El-Daour v. Chertoff, 417 F.Supp.2d 679, 681-82 (W.D. Pa. 2005); Hussein v.Gonzales, 474 F. Supp. 2d 1265, 1268 (M.D. Fla. 2007); Castracani v. Chertoff, 377 F. Supp. 2d 71 (D.D.C. 2005); Shalabi v. Gonzales, No. 06-866, 2006 WL 3032413 (E.D. Mo. Oct. 23, 2006); Essa v. U.S. Citizenship and Immigration Services, No. 05-1449, 2005 WL 3440827 (D. Minn. Dec. 14, 2005); Shalan v. Chertoff, No. 05-10980, 2006 WL 42143 (D. Mass. Jan.6, 2006).

Plaintiff argues that the majority view is correct because the plain language of the statute confers jurisdiction to the U.S. District Courts for applications beyond the 120-day processing time and because Congress specifically intended to provide a remedy to applicants whose applications are delayed. Defendants suggest that the "examination"–the triggering event for federal court jurisdiction–includes the FBI background checks. Therefore, because those checks have not been completed, Defendants argue the 120-day time limit has not yet begun to run.

The term "examination" is not defined in the INA. While the Eighth Circuit has not interpreted the statute, a consensus as to the meaning of "examination" appears to be forming in the district courts. This Court also agrees with the majority view. "Without a set date for the examination, there would be no way to measure the 120 days, rendering that section meaningless." Patel, 2007 WL 2811470, at *3. Second, the

4

statutory distinction between the investigation and the examination suggests these are "discrete events under the statutory scheme." Id. (quoting Shalabi, 2006 WL 3032413, at *4) (internal quotations omitted). Likewise, the regulations promulgated by the USCIS also make it clear that the investigation and the examination are different and that the term "examination" refers to an individual event: "each applicant shall appear in person before a Service officer designated to conduct examinations pursuant to § 332.1 of this chapter." 8 C.F.R. § 335.2(a).

The statutory language at issue has a plain and unambiguous meaning. Additionally, Congress has made its intent clear by specifying the policy objectives underlying § 1447(b): (1) reducing waiting times for naturalization applications; (2) reducing the burdens on the courts and immigration agencies; (3) facilitating consistent and fair naturalization decisions; and (4) providing applicants a choice as to the forum in which their applications were adjudicated. Salah, 2007 WL 3094228, at *2 (citing United States v. Hovsepian, 359 F.3d 1144, 1163-64 (9th Cir. 2004) (en banc)). Thus, both the plain language and the legislative intent support the interpretation urged by Plaintiff here–that the term "examination" as used in § 1447(b) refers to the applicant's initial examination. The statute and regulations indicate that the "examination" occurs on a specific date with particular components: tests on proficiency in the English language and understanding of U.S. history and government. 8 C.F.R. § 335.2(c). Accordingly, the statute gives this Court subject matter jurisdiction over Plaintiff's claims because more than 120 days have passed since Plaintiff's examination on January 9, 2006.

*B. Remand*

Pursuant to § 1447(b), the Court can either determine the matter or remand it to the USCIS with appropriate instructions. Plaintiff requests that the Court conduct a hearing on his application for naturalization or remand the matter with instructions to immediately make a decision on his application. Conversely, Defendants ask that the Court decline to intercede and remand the matter back to the USCIS. Defendants point out that even if the Court chooses to determine the matter, it will still need a complete

5

FBI background check before it can make a decision on Plaintiff's naturalization application.  See Daami v. Gonzales, No. 05-3667, 2006 WL 1457862, at *6 (D.N.J. May 22, 2006) (finding court in same position as the agency because of the statutory prohibition on adjudicating an application without a completed investigation); Manzoor, 472 F. Supp. 2d at 808-09 (finding itself ill-equipped to conduct background checks and acknowledging the agency's ability to interpret the results of such checks and follow up appropriately).  The Court agrees that remand is appropriate.

However, the Court also recognizes that Plaintiff's family will suffer unique hardship if the FBI does not complete the name check quickly, thereby allowing the USCIS to make a decision on Plaintiff's application.  Although § 1447(b) does not directly refer to the FBI, this Court can set a deadline by which the USCIS must complete the processing of Plaintiff's application.  "'[I]t makes no sense to read the statute to state that the court cannot directly instruct the FBI to do what the court could indirectly require the FBI to do through 'appropriate instructions'.'" Ibrahim, 2007 WL 3072170, at *8 (quoting Aman v. Gonzales, 2007 WL 2694820, at *5 (D. Colo. 2007)). Thus, "whether the court instructs the FBI directly or indirectly through an order to the USCIS is a question of form, not substance."  Id.

Plaintiff's application has been delayed for over two years.  The length of this delay suggests that Plaintiff's application will not be finalized in the near future without an Order directing the FBI to complete the name check.  Accordingly, the Court REMANDS this matter to the USCIS with instructions to make a decision on Plaintiff's application within thirty (30) days of receiving a completed background check from the FBI and that the FBI complete the name check process within sixty (60) days.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED and this matter is REMANDED to the USCIS for resolution consistent with this Order.

6

IT IS SO ORDERED.

                                                      /s/ Ortrie D. Smith
                                                      ORTRIE D. SMITH, JUDGE
DATE: March 4, 2008               UNITED STATES DISTRICT COURT